His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Relator seeks to cancel certain taxes by prescription, .and the defense is that he does not own the property and is without interest in the taxes claimed.
*73 Opinion and decree, April 10, 1916.
Relator acquired from Jas. B. Rosser, November 17th, 1913, but the property had been sold to the State .(July 25th, 1898) for the unpaid taxes of 1897.
On November 11th, 1913, Rosser obtained a certificate of redemption from the Register of the' land office, upon paying “the full amount of the taxes, interest, costs and penalties due for the year 1897.”
If at the time of the redemption there were no other taxes due upon the property that would seem to end the matter; proof of that fact would dispose of those taxes.
If, on the other hand, there were other taxes then due, as the tax certificate seems to show, the certificate of redemption (issued more than a year after.the sale for taxes) was issued contrary to law and is void (Act 41 of 1912, p. 49).
Nor was the invalidity of the redemption cured by Act 269 of 1914, p. 538. That act was intended to validate certificates of redemption issued after the year for redemption had passed, the validity of which if issued before the Act of 1912 was doubtful on that account. It did not purport to validate certificates void for other reasons.
Under the circumstances, we think this case should be remanded to enable relator to show, if he can, that the amount for which the property was redeemed was all that was then due upon it.
It is therefore ordered that this cause be remanded to the Court a qua to be proceeded with in accordance with the views herein expressed; .relator to pay the costs of appeal.
Reversed and remanded.